IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PRECIOUS BUXTON,<br><br>   Plaintiff,<br><br>v.<br><br>TEKSYSTEMS, INC.,<br><br>   Defendant. | Civil Action No.  2:21-cv-126-RWS<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Precious Buxton ("Plaintiff") files this Complaint against her former employer, TEKsystems, Inc. ("TEKsystems").  Plaintiff alleges that TEKsystems violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), by (1) willfully failing to pay Plaintiff overtime wages for all hours worked in excess of 40 hours per week; (2) retaliating against Plaintiff by (a) terminating her assignment after she complained about such unlawful employment practices; and (b) withdrawing an employment opportunity for another assignment after she asserted her FLSA rights.  Plaintiff shows the Court as follows:

1

## NATURE OF THE ACTION

1. In approximately January and February 2020, TEKsystems employed Plaintiff to work for a client, Sentara Healthcare ("Sentara"). During her placement with Sentara, Plaintiff was not paid for all overtime worked because she was directed that she could not report all time worked.

2. When Plaintiff complained that she was not receiving overtime wages, Defendant terminated her employment on the Sentara assignment in retaliation for her protected activity. Months later, when Plaintiff specifically alleged FLSA violations, TEKsystems further retaliated against Plaintiff by deciding not to employ her on another assignment with Northside Hospital in Atlanta, Georgia, and has continued to "blacklist" Plaintiff because she has engaged in protected activity under the FLSA.

## JURISDICTION AND VENUE

3. This is an action brought under the FLSA for unpaid overtime wages and other relief authorized by the FLSA. This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

4. Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(3), venue is proper in this Court because some of the unlawful employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

## **PARTIES**

5. Plaintiff is a citizen of the United States of America and a resident of the State of Georgia; she submits herself to the jurisdiction of this Court.

6. TEKsystems is a for-profit Maryland corporation that regularly does business in the Northern District of Georgia.

7. TEKsystems may be served with process through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

8. TEKsystems is governed by and subject to the FLSA.

9. At all relevant times, TEKsystems has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced by any person."

10. At all relevant times, TEKsystems employed and continues to employ employees, who engage or engaged in interstate commerce or in the production of goods for commerce.

11. At all relevant times, TEKsystems had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

12. On information and belief, at all relevant times, TEKsystems had an annual gross volume of sales made or business done in excess of $500,000.

13. At all relevant times, TEKsystems had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14. TEKsystems employed Plaintiff as that term is defined by 29 U.S.C. § 203(d).

15. TEKsystems is governed by and subject to, *inter alia*, 29 U.S.C § 207 and § 215.

## STATEMENT OF FACTS

16. TEKsystems is a staffing agency that provides IT staffing.

17. Sentara is healthcare provider that operates sites in Virginia and North Carolina.

18. Sentara was, and potentially remains, a client of TEKsystems.

19. During the relevant time period, TEKsystems provided staffing services to Sentara.

20. TEKsystems hired Plaintiff for the first time in approximately 2017. TEKsystems placed her at the Sentara client site in approximately January 2020.

21. Plaintiff worked as an At-the-Elbow Trainer, who supported doctors and nurses in helping them to navigate an Electronic Medical Records System.

22. During her assignment with Sentara, Plaintiff reported directly to supervisors both at Sentara and TEKsystems.

23. Plaintiff worked onsite at Sentara's Boston, Virginia location on a daily basis from approximately January 2020 until February 11, 2020.

24. Plaintiff received ongoing direction from both Sentara and TEKsystems.

25. On a daily basis, Sentara personnel directed and supervised Plaintiff's work, while Plaintiff continued to report to TEKsystems.

26. Plaintiff's direct supervisor at Sentara was Claudette Spencer.

27. Ms. Spencer prevented Plaintiff from logging all of the time that she worked. Ms. Spencer regularly instructed Plaintiff to report that she clocked out at 5:30 pm, even though, in actuality, she often worked until 5:45 pm and 6:00 pm.

28. Plaintiff was not paid for all overtime worked because she was directed that she could not report all time worked.

29. TEKsystems was, or should have been, aware that the FLSA requires it to pay non-exempt employees overtime wages at the rate of one-and-one-half their regular rate of pay for all time worked in excess of 40 hours per workweek.

30. TEKsystems' failure to pay Plaintiff overtime wages at the rate required by the FLSA for all time worked in excess of 40 hours per workweek was willful and was not in good faith.

31. As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime wages in an amount to be determined at trial for all time worked in excess of 40 hours per workweek, and is entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees and costs.

32. Plaintiff complained repeatedly that she was not permitted to record all time worked and that, as a consequence, she was not being paid for all overtime hours worked.

33. In approximately February 2020, Ms. Spencer took a photo of Plaintiff without her consent and claimed that she was sleeping in the photo. Ms. Spencer then sent the photo to management.

34. On February 11, 2020, allegedly due to the photograph, Plaintiff's assignment with Sentara was terminated.

35. In the termination meeting, Ms. Spencer stated to Plaintiff, "this is what happens when you don't listen to me" and "the bosses listen to what I say."

36. TEKsystems, in conjunction with Sentara, terminated Plaintiff's assignment in retaliation for her protected activity of complaining that she was not receiving payment for all time worked, including not receiving one-and-one half her regular rate of pay for all time worked in excess of 40 hours per workweek.

37. TEKsystems' retaliatory termination of Plaintiff was willful and not in good faith.

38. As a consequence of Defendant's retaliatory termination of Plaintiff, she incurred lost wages and suffered emotional distress.

39. On or about April 17, 2020, Plaintiff contacted Jennifer Seefeldt, National Healthcare Recruiter for TEKsystems, to express interest in an assignment at Northside Hospital in Atlanta, Georgia.

40. In approximately late April 2020, Plaintiff asserted her FLSA rights via correspondence from counsel.

41. On or about May 29, 2020, Plaintiff received an email from Ms. Seefeldt stating that Plaintiff would be screened and interviewed for the position at Northside Hospital. The role was set to begin on approximately July 25, 2020.

42. However, thereafter, Plaintiff received no contact from TEKsystems regarding an interview. Accordingly, Plaintiff followed up with Ms. Seefeldt via email. She received no response.

43. TEKsystems has not placed Plaintiff on the assignment at Northside Hospital, nor any other assignment.

44. TEKsystems provided no explanation for suddenly declining to provide Plaintiff with an assignment at Northside Hospital.

45. TEKsystems has provided no explanation for failing to consider Plaintiff for any assignment after she asserted her FLSA rights.

46. On information and belief, because of, and in retaliation for, Plaintiff's protected activity of asserting her rights under the FLSA, TEKsystems has "blacklisted" Plaintiff.

47. TEKsystems was, or should have been, aware that the FLSA prohibits it from retaliating against employees who engage in protected activity by opposing unlawful FLSA policies and practices.

48. TEKsystems' retaliation against Plaintiff was willful and was not in good faith.

49. As a result of TEKsystems' retaliation, Plaintiff has lost wages and benefits, and suffered emotional distress.

## COUNT I
## Willful Failure to Pay Overtime Wages in Violation of the FLSA

50. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff.

51. Plaintiff worked for Defendant well in excess of 40 hours per week during her employment on the Sentara assignment.

52. The FLSA requires employers, such as Defendant, to compensate non-exempt employees, such as Plaintiff, at a rate of one-and-one-half their regular rate of pay for all time worked in excess of 40 hours per week.

53. Defendant willfully failed to pay Plaintiff overtime wages at one-and-one-half her regular rate for all time she worked in excess of 40 hours per workweek.

54. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

55. Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

56. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant (a) unpaid overtime wages for each workweek within the limitations period; (b) an additional and equal amount of liquidated damages for

Defendant's violations of the FLSA; (c) interest; and (d) reasonable attorneys' fees and costs of litigation.

## COUNT II
### Retaliatory Termination in Violation of the FLSA

57. Plaintiff engaged in protected activity under the FLSA by complaining that she was not being paid for all time worked, including overtime at a rate of one-and-one half her regular rate of pay for all time worked in excess of 40 hours per workweek.

58. In retaliation for Plaintiff's protected activity, Defendant terminated Plaintiff's placement with Sentara, in violation of the FLSA, and specifically, 29 U.S.C. § 215.

59. Defendant's retaliatory termination of Plaintiff was willful and not in good faith.

60. As a consequence of Defendant's retaliatory termination of Plaintiff, she has suffered lost wages, lost benefits, and emotional distress.

61. As a result of Defendant's retaliation in violation of the FLSA, Plaintiff is entitled to (a) lost wages, including back pay, front pay and/or reinstatement, and lost benefits; (b) liquidated damages; (c) compensatory damages; (d) interest; and (e) attorneys' fees and costs.

## COUNT III
## Retaliatory Revocation of Employment Offer in Violation of the FLSA

62. Plaintiff engaged in protected activity under the FLSA by asserting, via counsel, that TEKsystems had, *inter alia*, failed to pay her all overtime due under the FLSA.

63. In further retaliation for Plaintiff's protected activity, Defendant declined to offer Plaintiff employment on an assignment with Northside Hospital, in violation of the FLSA, and specifically, 29 U.S.C. § 215.

64. Defendant's revocation of its offer of employment to Plaintiff, after it received Plaintiff's counsel's consideration, was willful and not in good faith.

65. Further, Defendant continues to refuse to consider Plaintiff for employment in retaliation for her exercise of rights under the FLSA.

66. As a consequence of Defendant's retaliation in denying Plaintiff subsequent employment, Plaintiff has suffered lost wages and benefits, and emotional distress.

67. As a result of Defendant's retaliation in violation of the FLSA, Plaintiff is entitled to (a) lost wages, including back pay, front pay and/or reinstatement, and lost benefits; (b) liquidated damages; (c) compensatory damages; (d) interest; and (e) attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and the following relief:

a) A declaratory judgment that Defendant's practices complained of herein violated the FLSA;

b) An award of unpaid overtime wages due under the FLSA;

c) An award of liquidated damages as a result of Defendant's failure to pay overtime wages;

d) An award of lost wages, lost benefits, liquidated damages, and compensatory damages with respect to Plaintiff's retaliation claims;

e) An award of prejudgment and post-judgment interest;

f) An award of costs and expenses of this action, including reasonable attorneys' and expert fees; and

g) Such other and further relief as the Court deems proper.

Dated this 7th day of June 2021.

>Respectfully submitted,
>
>*/s/ Justin M. Scott*
>Justin M. Scott
>Georgia Bar No. 557463
>Michael D. Forrest
>Georgia Bar No. 974300
>SCOTT EMPLOYMENT LAW, P.C.
>160 Clairemont Avenue, Suite 610
>Decatur, Georgia 30030
>Telephone: 678.780.4880
>Facsimile: 478.575.2590
>jscott@scottemploymentlaw.com
>mforrest@scottemploymentlaw.com
>
>Counsel for Plaintiff