`IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PRECIOUS BUXTON,<br><br>      Plaintiff,<br><br>v.<br><br>TEKSYSTEMS, INC.,<br><br>      Defendant. | CIVIL ACTION NO.<br>2:21-cv-00126-RWS |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Precious Buxton ("Plaintiff") and Defendant TEKsystems, Inc. ("Defendant") jointly request that the Court approve the Parties' Settlement Agreement, attached hereto as Exhibit A. Because Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. (the "FLSA"), the Parties' settlement must be approved by this Court. A proposed Order is attached for the Court's convenience.

This case largely presents a straightforward settlement of individual FLSA and FLSA retaliation claims. Plaintiff is being paid more than the total amount of overtime she claims was unpaid and liquidated damages for that alleged unpaid amount. Defendant asserts that Plaintiff was also paid for more hours than she

1

worked during the last week of her employment. Plaintiffs' attorneys' fees and costs, negotiated separately, shall be paid by Defendant. This case has one additional element, however, that is atypical for FLSA settlements in this district—that is, that the Parties have <u>also</u> agreed to a general release of all claims. This general release is based upon the Defendant's payment of more than the alleged overtime and liquidated damages that are owed and to resolve any other claims that Plaintiff has or might bring against Defendant. The payment of compensation in excess of the overtime allegedly owed supports this broader release. As this is an individual action, no other employees or former employees are impacted by the scope of the release, negotiated at arm's length by experienced FLSA counsel. The Parties intend to resolve fully and finally any disputes between them. They respectfully request the Court's approval.

I. **BACKGROUND**

Plaintiff worked for Defendant as an At-the-Elbow Trainer during a work assignment beginning the last week of January, 2020. (Dkt. 1, ¶ 21-23). She claims that, during this assignment, she was required to work overtime but not allowed to record overtime on her timecards. (*See* Dkt. 1, ¶ 27-28). Plaintiff was released from this assignment on February 11, 2020, and asserts that her dismissal was retaliatory. (*See* Dkt. 1, ¶ 36). Specifically, she claims she was dismissed because she

2

complained that she was not receiving overtime premiums for time worked. (*See id.*). She also claims Defendant retaliated against her by declining to select her for another assignment that began in the summer of 2020. (*See* Dkt. 1, ¶ 41-45). On June 7, 2021, Plaintiff filed a Complaint seeking a declaratory judgment, unpaid overtime wages, liquidated damages, an award of lost wages, benefits and compensatory damages for her retaliation claims, and attorneys' fees and costs. (Dkt. 1, p. 12).

Following the exchange of discovery and settlement negotiations, Defendant agreed to pay Plaintiff overtime wages for all time she claims that she worked in excess of 40 hours per week. (*See* Ex. A, p. 2). The settlement amount exceeds the alleged amount of $900 in unpaid overtime and $900 in liquidated damages. Defendant's pay records also show that Plaintiff was paid overtime during her three-week assignment and that she was also paid for more hours than she worked during the last week of her employment. Defendant denies any retaliatory animus in either Plaintiff's dismissal from her assignment or Defendant's failure to hire Plaintiff for another assignment in Summer, 2020. Defendant contends that the evidence will show that Plaintiff's dismissal was made at Defendant's client's request and for a legitimate business reason and that Plaintiff lacked experience with the specific computer program needed for the job in Summer, 2020.

In order to avoid the cost and time of litigating these FLSA and retaliation claims, as well as the risks associated with continued litigation, the Parties have reached a settlement and seek the Court's approval. The terms and conditions of settlement reflected in the attached Settlement Agreement are the product of the Parties' extensive arm's-length negotiations and represent a reasonable compromise of the disputed factual and legal issues in this case. The Parties state and agree that the terms and conditions of the settlement set forth in the Settlement Agreement are fair, reasonable, and in the best interests of the Parties. Plaintiff is entering into this Settlement Agreement knowingly and is not releasing any claims but her own.

## II. THE LEGAL STANDARD FOR COURT APPROVAL OF FLSA SETTLEMENTS

The FLSA provides that "[a]ny employer who violates the provisions of section . . . 207 of this title shall be liable to the employee . . . affected in the amount of their . . . unpaid overtime compensation. . . ." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, generally, are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement, or (2) when a court reviews and approves a settlement in a private action for back

wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982).

When parties bring a proposed settlement of an FLSA claim before a court, the Court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a *bona fide* dispute. *Id.* at 1354–55. If a settlement in an FLSA suit reflects "a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,]" the Court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. The Court "must take an active role in approving the settlement agreement to ensure that it is not the result of the employer using its superior bargaining position to take advantage of the employee." *Rakip v. Paradise Awnings Corp.*, 514 F. App'x 917, 919–20 (11th Cir. 2013).

## III. COURT APPROVAL IS WARRANTED

The Parties respectfully submit that the Settlement Agreement is consistent with the intent and purpose of the FLSA and the legal requirements of *Lynn's Food Stores, Inc.*, and that all of the relevant criteria support approval of the settlement of this matter. First, the proposed settlement arises out of an action brought by Plaintiff against her former employer, which minimizes the likelihood that the agreement is the result of Defendant using their superior bargaining position as employers to take

5

advantage of Plaintiff. *Id.* Further, experienced counsel represented the Parties during the litigation and settlement of this action, who discussed the disputed factual and legal issues. The Parties, through their attorneys, voluntarily agreed to the terms of their Settlement Agreement during negotiations. The Parties agree that the settlement negotiated and reached by the Parties reflects a fair, just, and reasonable compromise of the disputed FLSA claims.

In addition, there has been no collusion, fraud, or any other inappropriate conduct in this case. Courts have found an absence of fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiffs seemed fair. *See Helms v. Cent. Fla. Reg'l Hosp.*, 2006 WL 3858491, at *4 (M.D. Fla. Dec. 26, 2006) (applying *Lynn's Food Stores Inc.*). Here, each party was independently represented by counsel with experience in litigating FLSA claims, and counsel vigorously represented their respective clients' rights.

The probability of success on the merits and length of future litigation also weigh in favor of this settlement. The Parties stipulate that they had *bona fide* disputes, including whether Defendant had overpaid Plaintiff, whether the alleged overtime was owed, and whether Defendant would have been liable for liquidated damages. If the Parties continued to litigate this matter, they would be forced to engage in additional costly discovery, including depositions, to prepare and/or

defend against one or more motions for summary judgment, and possibly prepare for and conduct a trial. This settlement, therefore, is a reasonable means for the Parties to minimize future risks and litigation costs.

In addition, the amount to be paid to Plaintiff and her counsel under the Settlement Agreement represents a reasonable compromise of Plaintiff's claims. Following arm's-length negotiations and review of pay and time data provided to Plaintiff's Counsel by Defendant, Defendant has agreed to pay Plaintiff $4,500.00, which represents well in excess of the amount of the overtime wages and liquidated damages Plaintiff claims related to her unpaid overtime claims. Plaintiff agrees that this settlement constitutes a reasonable settlement of her FLSA claims. In exchange for this payment, Plaintiff agrees to release her FLSA claims against Defendant and to enter into a release of all claims. It is reasonable for the settlement to include a general release of Plaintiff's claims because, under the settlement: (i) Defendant will pay Plaintiff more than she could have recovered for her alleged unpaid overtime wages and liquidated damages and;(ii) Defendant contends that Plaintiff was already paid more wages than she was owed during her three-week assignment; and (iii)Plaintiff's retaliation claims are disputed by Defendant. The Parties want their settlement agreement to fully and finally resolve all disputes they may have, and

Defendant bargained for a general release of Plaintiff's claims to ensure that objective.

The Parties separately negotiated Plaintiff's counsel's fees. Defendant has agreed to pay Plaintiff's counsel, who specializes in employment cases and the FLSA in particular, attorneys' fees and expenses in the amount of $4,500.00. This amount was based on Plaintiff's counsel's actual time in the case at counsel's regular rates of pay and is less than the lodestar figure (hours spent and normal rates charged).Plaintiff's counsel took this case on assuming full risk of never receiving any payment and diligently advocated for Plaintiff, ultimately achieving a highly favorable settlement for her.

The Parties intend this settlement to represent a final resolution of all claims between the Parties. Accordingly, Plaintiff shall receive—separately and in addition to her unpaid overtime wages—the material benefit of not having to address defenses available to Defendant which could have been potential grounds for the entry of Summary Judgment in Defendant's favor or defenses to liability. These defenses include Defendant's contention that Plaintiff was already paid more in wages and overtime than she was owed during her three-week assignment and that Defendant had legitimate business reasons for its dismissal of Plaintiff from her assignment, and for failing to hire her for the subsequent assignment. Plaintiff will also receive

the material benefits of avoiding the time and expense of litigation associated with prosecuting her claims to trial.

Therefore, the inclusion of the general release does not render the Settlement Agreement unfair or unreasonable for the purposes of settlement. *See, e.g.*, *Purdy v. Nots Logistics, L.L.C.*, 2012 WL 13130243 (N.D. Ga. Apr. 2, 2012) (Adopting Report and Recommendation that recommended approving an FLSA settlement agreement that included a general release); *Wingrove v. D.A. Technologies, Inc.*, 2011 WL 7324219 (N.D. Ga. Feb. 14, 2011) (Adopting the recommendation of a Report and Recommendation approving an FLSA settlement agreement that included a general release in its terms); *Price v. Atlanta Financial Associates, Inc.*, 2010 WL 11598121 (N.D. Ga. Dec. 8, 2010) (Adopting Report and Recommendation recommending the approval of an amended joint motion for approval for an FLSA settlement agreement that contained a general release of all present and future claims); *Horton v. Pegasus Residential, L.L.C.*, 2010 WL 11647056 (N.D. Ga. June 9, 2010) (Adopting Report and Recommendation approving an FLSA settlement agreement that included a general release of claims).

The Parties therefore respectfully request that the Court approve the settlement. The Parties will file a Stipulation of Dismissal with Prejudice within five (5) days after receipt of the full Settlement Payment from Defendant.

## IV. CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court approve the Settlement Agreement.

A Proposed Order is attached for the Court's convenience.

Respectfully submitted this 1st day of April, 2022.

| | |
|---|---|
| */s/Justin M. Scott* | */s/Leslie A. Dent* |
| Justin M. Scott | Leslie A. Dent |
| Georgia Bar No. 557463 | Georgia Bar No. 218566 |
| jscott@employmentlaw.com | ldent@littler.com |
| Michael D. Forrest | James S. Fielding |
| Georgia Bar No 974300 | Georgia Bar No. 170003 |
| mforrest@scottemploymentlaw.com | jfielding@littler.com |
| | |
| SCOTT EMPLOYMENT LAW, P.C. | LITTLER MENDELSON, P.C. |
| 160 Clairemont Avenue | 3424 Peachtree Road N.E. |
| Suite 610 | Suite 1200 |
| Decatur, GA 30030 | Atlanta, GA 30326.4803 |
| Telephone: 678.780.4880 | Telephone: 404.233.0330 |
| Facsimile: 478.575.2590 | Facsimile: 404.233.2361 |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

# CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing has been prepared in Times New Roman 14, a font and type selection approved by the Court in L.R. 5.1(C).

*/s/ Leslie A. Dent*
Leslie A. Dent
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 1, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will cause notice to be served upon all attorneys of record:

Justin M. Scott
Michael D. Forrest
SCOTT EMPLOYMENT LAW, P.C.
160 Clairemont Avenue, Suite 610
Decatur, GA 30030
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com

*/s/ Leslie A. Dent*
Leslie A. Dent
Counsel for Defendant